IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VINCENT ELLISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:18-CV-707-WKW |
| ) | [WO] |
| WILL SLATER, ) | |
| ) | |
| Defendant. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint filed by Vincent Ellison, an inmate incarcerated at the Autauga Metro Jail. In this case, Ellison asserts that the defendant failed to provide him access to the courts while at the jail.

The defendant filed a special report supported by relevant evidentiary materials, including affidavits, in which he addresses the claim for relief presented by Ellison. The report and evidentiary materials refute the self-serving, conclusory allegations presented by Ellison. Specifically, the defendant maintains that there has been no violation of Ellison's constitutional rights with respect to his access-to-courts claim.

In light of the foregoing, the court issued an order directing Ellison to file a response to the defendant's written report. Doc. 22. The order advised Ellison that his failure to respond to the reports would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 22 at 2. Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal

of this civil action. Doc. 22 at 2. The time allotted Ellison for filing a response in compliance with the directives of this order expired on January 24, 2019. Ellison has failed to file a response in opposition to the defendant's written report. The court therefore finds that this case should be dismissed.

The court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate. *See Abreu-Velez v. Bd. of Regents of Univ. Sys. of Ga.*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After this review, it is clear that dismissal of this case is the proper course of action at this time. Initially, the court finds that the imposition of monetary or other punitive sanctions against Ellison would be ineffectual because he is an indigent individual. Next, Ellison's inaction in the face of the defendant's report and evidence suggests a loss of interest in the continued prosecution of this case. Moreover, the evidentiary materials submitted by the defendant, which are at this point undisputed by Ellison, demonstrate that no constitutional violation occurred. Finally, it appears that any additional effort by this court to secure Ellison's compliance would be unavailing and a waste of this court's scarce judicial resources. Consequently, the court concludes that the abandonment of this case by Ellison and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This

authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket"). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

For these reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **March 5, 2019** the parties may file objections to the recommendation. A party must specifically identify the factual findings and legal conclusions in the recommendation to which the objection is made. Frivolous, conclusive, or general objections to the recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 19th day of February, 2019.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE